# Joseph & Kirschenbaum LLP
## Attorneys At Law

July 21, 2023

**VIA ECF**

Hon. Andrew L. Carter Jr.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> The Court is in receipt of the parties' letters dated July 18 and July 21. ECF Nos. 17 & 18. Defendants' request to file a motion to dismiss and stay of discovery is DENIED at this stage.
>
> SO ORDERED:
> HON. ANDREW L. CARTER, JR.
> UNITED STATES DISTRICT JUDGE
>
> Dated: July 24, 2023
> New York, NY

Re:  Pry v. Auto-Chlor System, LLC
      No. 23 CV 4541

Dear Judge Carter:

We represent the Plaintiff in the above-referenced action. I write in response to Defendants' July 18, 2023 letter. As set forth below, Defendants' anticipated motion to dismiss should be denied, and discovery should not be stayed pending the resolution of the motion.

**I.   There is a private right of action for N.Y. Lab. L. § 191 claims**

The law is clear that there is a private right of action for N.Y. Lab. L. § 191 claims based on the untimely payment of wages. The leading case on the issue is *Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 1st Dep't 2019), which held that N.Y. Lab. L. § 198(1-a) *expressly* established that private right of action. 175 A.D.3d at 1145-46. *Vega* is the only New York state court appellate decision that has issued a holding regarding the existence of a private right of action for N.Y. Lab. L. § 191 claims. Therefore, this Court is bound to follow *Vega* "unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005). There is no such persuasive data. As such, "every court in this Circuit to consider [*Vega*] appears to have followed its construction of the New York Labor Law." *Caul I*, 2021 U.S. Dist. LEXIS 184652, at *6-7; *see also, e.g., Confusione v. Autozoners, LLC*, No. 21 CV 00001, 2022 U.S. Dist. LEXIS 223438, at *3 (E.D.N.Y. Dec. 12, 2022); *Levy v. Endeavor Air Lines Inc.*, No. 21 CV 4387, 2022 U.S. Dist. LEXIS 201798, at *14 (E.D.N.Y. Nov. 1, 2022) (collecting cases).

**II.   Plaintiff has standing**

Plaintiff has standing to pursue his N.Y. Lab. L. § 191 claim. In analyzing N.Y. Lab. L. § 191 claims, courts have repeatedly held that:

> Irrespective of the fact that Plaintiff ultimately received the entire sum of wages he was owed, this delay of payment, in and of itself, constitutes a concrete harm that suffices for purposes of Article III. This is because the "[t]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing." *Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 U.S. Dist. LEXIS 184652, 2021 WL 4407856, at *4

(E.D.N.Y. Sept. 27, 2021) (quoting *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)).

*Gillett v. Zara USA, Inc.*, No. 20 CV 3734, 2022 U.S. Dist. LEXIS 143434, at *16 (S.D.N.Y. Aug. 10, 2022); *see also*, *e.g.*, *Rankine v. Levi Strauss & Co.*, No. 22 CV 3362, 2023 U.S. Dist. LEXIS 89064, at *7-10 (S.D.N.Y. May 22, 2023) (collecting cases).

### III. Plaintiff can recover liquidated damages on a classwide basis

Defendants' argument that Plaintiff may not recover liquidated damages on a classwide basis in a federal court NYLL action is contrary to settled law. Defendants rely on NY CPLR 901(b) for their position. However, the Supreme Court held that NY CPLR 901(b) does not apply in federal court. *Shady Grove Orthopedics, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). Thus, Plaintiff may in fact recover liquidated damages on behalf of a class in this action. *E.g.*, *Vargas v. Howard*, 324 F.R.D. 319, 331 (S.D.N.Y. 2018).

### IV. Plaintiff is entitled to discovery before Defendants move to dismiss for lack of CAFA jurisdiction

Defendants' argument that the requirements of CAFA are not satisfied here is based on improperly limiting the proposed class to a single position – service and sales representative trainee – that they contend Plaintiff held. As an initial matter, the complaint alleges, consistent with Plaintiff's offer letter, that Plaintiff's job title was service and sales representative, not service and sales representative trainee. Regardless of Plaintiff's actual title, the class defined in the amended complaint is not limited to his position. Rather, it includes all "non-exempt hourly positions performing physical labor, including but not limited to service and sales representatives, installers, service technicians, and trainees for the aforementioned positions." Am. Compl. ¶ 1. Given Defendants' own representation that they employ 23 service and sales representatives per year,[1] it is likely that there are at least 100 class members from those positions alone over 6 years.

Moreover, affidavits filed by Auto-Chlor of NYC in a previous lawsuit indicate that each branch employs one installer and one rebuilder at a time who, respectively, install and rebuild machinery. *See Gonzalez v. Auto-Chlor Sys. of NYC, Inc.*, No. 12 CV 3465 (E.D.N.Y.) (Dkt. Nos. 17-3 ¶ 4, 17-16 ¶ 2, 17-19 ¶ 2). Those positions are also included in the putative class. In addition, while Defendants assert that they have three branches in New York – in the Bronx, Richmond Hill, and Plainview, the Auto-Chlor website identifies a branch in Buffalo, NY. *See* https://www.autochlor.com/locations/auto-chlor-system-buffalo/. Employees of that branch are also part of the putative class.

In light of the foregoing, Plaintiff is entitled to discovery before Defendants move to dismiss for lack of CAFA jurisdiction. "[C]ourts generally require that plaintiffs be given an

---

[1] It is not clear if Defendants contend that they employ 23 people as service and sales representatives/trainees per year or have 23 such slots. If it is the latter, more than 23 people could be employed in those positions each year. For example, Plaintiff was employed by Defendants for approximately one month. Presumably Defendants hired a replacement after the end of Plaintiff's employment.

opportunity to conduct discovery on . . . jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party." *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004). Here, such discovery is appropriate because Defendants are in exclusive possession of the information that will establish whether there are 100 potential class members. Discovery regarding CAFA jurisdiction would include identifying all positions that may be included in the class, identifying the number of people employed in each position during the class period, the job duties of those positions, and, as Defendants contest that the amount in controversy is satisfied, damages discovery.

**V.    Defendants' request for a stay of discovery should be denied**

Defendants are not entitled to a stay of discovery. Relevant considerations in considering an application to stay discovery are "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." *Kanowitz v. Broadridge Fin. Solutions Inc.*, No. 13 CV 649, 2014 U.S. LEXIS 46518, at *15-16 (E.D.N.Y. Mar. 31, 2014).

Defendants have not made a strong showing that Plaintiff's claim is unmeritorious. As described above, Defendants' argument with respect to the availability of liquidated damages in a class action is wrong. Defendants' arguments that there is no private right of action for N.Y. Lab. L. § 191 claims and that Plaintiff lacks standing are contrary to the virtual unanimity of authority in this Circuit. Accordingly, Courts in this District have denied requests to stay discovery pending a motion to dismiss such claims. *E.g.*, *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 CV 9768, 2022 U.S. Dist. LEXIS 33051, at *6-7 (S.D.N.Y. Feb. 24, 2022). Nor, as set forth above, have Defendants made a strong showing that there is no CAFA jurisdiction. On the contrary, using the appropriate class definition it is highly likely that there are at least 100 class members and the amount in controversy is satisfied.

The breadth of discovery does not support a stay of discovery. As discussed above, Plaintiff is entitled to discovery before Defendants move to dismiss for lack of CAFA jurisdiction. The necessary discovery is largely coextensive with Judge Cott's parameters for the first phase of discovery for in putative class actions, which includes discovery on the merits of the plaintiff's claims and discovery related to whether a class action should be certified. Dkt. No. 10 ¶ 3.b. The primary topic of first phase discovery that would not be included in discovery pertaining to jurisdiction is discovery relating to Auto-Chlor System, LLC's employer status and whether the Defendants are a single integrated employer. The breadth of this topic does not warrant staying discovery.

For the foregoing reasons, the amended complaint should not be dismissed, and discovery should not be stayed.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All Counsel (via ECF)