```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/08/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON PRY, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

AUTO-CHLOR SYSTEM, LLC and AUTO-CHLOR SYSTEM OF NEW YORK CITY INC.,

        Defendants.

No.: 23 CV 4541 (ALC) (JLC)

## SCHEDULING ORDER

1. Initial conference date: September 8, 2023

    Appearances:

    Plaintiff Aaron Pry
    Denise A. Schulman, Esq.
    Joseph & Kirschenbaum LLP
    32 Broadway, Suite 601
    New York, NY 10004
    212-688-5640

    Defendants Auto-Chlor System, LLC and Auto-Chlor System of New York City, Inc.
    Danielé D. De Voe, Esq.
    Sahn Ward Braff Koblenz PLLC
    333 Earle Ovington Boulevard, Suite 601
    Uniondale, New York 11553
    (516) 228-1300

2. Concise statement of issues:

    Plaintiff contends that he and other employees were "manual workers" as defined by N.Y. Lab. L. § 190(4) and that Defendants therefore violated N.Y. Lab. L. § 191(1)(a) by paying them on a biweekly rather than weekly basis. Plaintiff further contends that both Defendants were his employers under a single integrated employer and/or joint employer theory.

    Defendants deny that Plaintiff and other similarly situated employees were "manual workers" as defined by N.Y. Lab. L. § 190(4). Defendants also contend that Plaintiffs have

1

no standing to bring this action as NYLL §191 does not afford a private right of action to employees in relation to timing of payment, but rather only permits the NYS Dept. of Labor to police this section of the law. Defendants further contend that this Court does not have jurisdiction to hear this purely state law claim and, as such, this matter must be dismissed. Plaintiffs cannot fabricate federal court jurisdiction by citing to Class Action Fairness Act of 2005 ("CAFA") because (1) a claim under NYLL §191 may not be brought as a class and (2) the number of potential Plaintiffs fall below the CAFA threshold even if it did as the amount in controversy does not exceed $5,000,000.00 and there are not over 100 members in the proposed class. Defendants finally submit that there is absolutely no basis to treat the named Defendants as joint employers where one Defendant, AUTO-CHLOR SYSTEM, LLC, is a manufacturing company based out of Tennessee and has nothing to do with this litigation or Plaintiffs' employment.

3. Proposed schedule

   The parties propose the following dates pursuant to paragraph 3.b. of the Court's June 28, 2023 Order:

   Deadline to move to amend pleadings or join parties, other than those who become class members pursuant to Fed. R. Civ. P. 23: **October 4, 2023**.

   Deadline for completion of first phase of discovery: **December 15, 2023**.

   Deadline for defendants to submit any pre-motion conference letter to Judge Carter: **January 16, 2024**

4. Limitations to be placed on discovery: None.

5. Statement of outstanding discovery issues: None at this time.

6. Anticipated fields of expert testimony: Plaintiff may use a damages expert. Defendants do not anticipate any experts will be necessary in this case.

7. Anticipated length of trial and whether a jury has been requested: 3-4 days. Non-jury trial.

8. Settlement discussions: At this time settlement discussions are premature. The parties may revisit the appropriateness and potential timing of settlement discussions following a decision on Defendants' motion to dismiss.

9. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other

parties on the proposed extension and must show good cause therefore not foreseeable as of the date of this Order. "Good cause" as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

**SO ORDERED.**

Dated: September 8, 2023
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge