JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Tel: 212-688-5640 |
| Josef Nussbaum | Fax: 212-688-2548 |
| Lucas Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

December 7, 2023

**VIA ECF**

Hon. James L. Cott
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: Pry v. Auto-Chlor System, LLC
      No. 23 CV 4541

Dear Judge Cott:

  We represent the Plaintiff in the above-referenced action. I write pursuant to the Court's Individual Practices to request a conference concerning outstanding discovery disputes.[1] Plaintiff served discovery requests that go to the heart of the parties' disputes concerning CAFA jurisdiction and the scope of the putative class. Defendants have inappropriately redefined and shrunken the putative class and thus refused to turn over responsive documents and information. Given that these issues are the focus of this phase of discovery, Defendants' position is untenable. I met and conferred with Defendants' counsel Emili Kilom about these issues on December 4, 2023 at 4:00 pm for approximately 10 minutes. At the end of the call, I informed Ms. Kilom that I would be seeking the Court's intervention about these outstanding issues.

  This is a putative class action asserting a claim under N.Y. Lab. L. § 191 for the untimely payment of wages. As alleged in the complaint, Plaintiff worked for Defendants Auto-Chlor System, LLC ("Auto-Chlor LLC") and Auto-Chlor System of New York City Inc. ("Auto-Chlor NYC") as a sales and service representative at Auto-Chlor's Bronx location (Defendants maintain that his title was route trainee or sales and service representative – no route). Plaintiff alleges that Defendants – as well as other Auto-Chlor entities – constitute a single integrated employer, such that both entities employed him and the putative class members. (Dkt. No. 11 ¶¶ 10-34.) Plaintiff alleges that he and other Auto-Chlor employees in New York were manual workers as defined by N.Y. Lab. L. § 190 because they spent more than 25% of their work time performing physical labor. As a result, Defendants violated N.Y. Lab. L. § 191(a)(1) by paying him and putative class members on a biweekly rather than weekly basis. *See Vega v. CM & Assoc. Constr. Mgmt., LLC*,

---

[1] With this letter, Plaintiff submits the disputed document requests (Ex. 1), interrogatories (Ex. 2), and requests for admission and Defendants' responses thereto (Exs. 4, 5, and 6 respectively).

1

175 A.D. 1144, 1145 (1st Dept. 2019). As set forth in the amended complaint, Plaintiff seeks to represent a class consisting of "non-exempt hourly positions performing physical labor, including but not limited to service and sales representatives, installers, service technicians, and trainees for the aforementioned positions . . . who work or have worked for Auto-Chlor System, LLC and/or Auto-Chlor System of New York City Inc. . . . at Defendants' New York State location." (Dkt. No. 11 ¶ 1; *see also id*. at ¶ 40.)

Plaintiff alleged that this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because there is minimal diversity, the amount in controversy exceeds $5,000,000, and there are at least 100 putative class members. In a July 18, 2023 premotion letter, Defendants sought to dismiss this action because, *inter alia*, they asserted that there are not 100 class members, and the amount in controversy is less than $5,000,000. (Dkt. No. 17 at 2-3.) In that letter and contrary to the class definition in the complaint, Defendants maintained that the putative class consisted only of people who held the same position as Plaintiff. (*Id*.) Defendants also stated that they had three New York locations, in the Bronx, Richmond Hill, and Plainview. (*Id*. at 1.) In response, Plaintiff requested jurisdictional discovery prior to consideration of Defendants' motion. (Dkt. No. 18 at 2-3.) Plaintiff also objected to Defendants' attempted redefinition of the class and noted that the putative class included positions other than Plaintiff's and noted that according to the Auto-Chlor website, there is an additional Auto-Chlor location in Buffalo, NY. (*Id*. at 2.) In their discovery responses, Defendants identified an additional New York location in Albany. (Ex. 5, Response No. 4.) Judge Carter denied Defendants' request to move to dismiss and the parties commenced discovery. (Dkt. No. 19.)

I. **Discovery relating to putative class members who worked at the Bronx, Richmond Hill, Plainview, and Albany locations**

In Plaintiff's letter opposing Defendants' pre-motion to dismiss letter, he stated, "Discovery regarding CAFA jurisdiction would include identifying all positions that may be included in the class, identifying the number of people employed in each position during the class period, the job duties of those positions, and, as Defendants contest that the amount in controversy is satisfied, damages discovery." This is precisely the discovery that Plaintiff seeks from Defendants. (Ex. 1, RFP Nos. 13, 15-18, 20; Ex. 2, Interrog. No. 5.) Rather than providing this discovery, Defendants seek to unilaterally change the class definition and limit it to Plaintiff's position only. As such, the only jurisdictional discovery they have provided is the identities of people employed by Auto-Chlor NYC in Plaintiff's positions. (Ex. 5, Interrog. Response No. 5.)

During the parties' meet and confer, Defendants took the position that the individuals for whom Plaintiff seeks discovery are not proper class members, and therefore Plaintiff is not entitled to that discovery. Defendants' position is incorrect with respect to both jurisdictional and class certification discovery. To be sure, Defendants have already essentially made this argument, and it was rejected by Judge Carter.

CAFA defines class members as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). It is the scope of this class, as defined in the complaint, that determines whether CAFA jurisdiction exists. *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013); *Bird v. Turner*, No. 14 CV 97, 2015

U.S. Dist. LEXIS 69555, at *10-12 (N.D.W.V. May 29, 2015); *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 138 (D.D.C. 2015); *Fergerstrom v. PNC Bank, N.A.*, No. 13-526, 2014 U.S. Dist. LEXIS 58676, at *11-14 (D. Haw. Feb. 27, 2014). Accordingly, Plaintiff is entitled to the requested discovery that seeks to identify the number of people who fall into the proposed class definition in his complaint and the amount of their damages, which are the key jurisdictional facts in dispute. *Cf. Cunningham v. Pret A Manger (USA) Ltd.*, No. 19 CV 2322, 2020 U.S. Dist. LEXIS 4993, at *11-13 (S.D.N.Y. Jan. 10, 2020).

The requested discovery is also relevant to Plaintiff's anticipated class certification motion, as it is aimed at properly identifying the size and composition of the class, *i.e.*, determining whether numerosity, commonality, and typicality are satisfied. For this reason too, Plaintiff is entitled to the requested discovery. *See*, *e.g.*, *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490-92 (S.D.N.Y. 2016) (Cott, J.)

## II. Discovery relating to Auto-Chlor Mid-South

Plaintiff has alleged that both Defendants were his employers, and that they, along with other Auto-Chlor entities, constitute a single integrated employer. (Dkt. No. 11 ¶¶ 10-34.) While Plaintiff initially believed that the Auto-Chlor Buffalo location was under the Auto-Chlor NYC umbrella, it now appears that the Buffalo location is formally managed by a different company, Auto-Chlor System of the Mid-South, LLC ("Auto-Chlor Mid-South"). Because Plaintiff has alleged the existence of a single integrated employer relationship, which is a basis of employer liability under the New York Labor Law, *see*, *e.g.*, *Zuccarini v. PVH Corp.*, No. 151755/15, 2016 N.Y. Misc. LEXIS 673, at *3-4 (Sup. Ct. N.Y. County Feb. 29, 2016), employees who worked at the Buffalo location are part of the proposed class. Accordingly, Plaintiff sought discovery regarding the relationship between Defendants and Auto-Chlor Mid-South and the number of putative class members who worked there. (Ex. 1, RFP Nos. 34-36, 38, 40, 42, 44, 46-48; Ex. 3, RFA Nos. 12, 14, 16, 27, 30.) Defendants have not provided discovery responsive to these requests, and during the meet and confer Defendants' position was that Plaintiff is not entitled to discovery relating to Auto-Chlor Mid-South because it is not a party to the action. However, under the single integrated employer theory, Auto-Chlor Mid-South employees may also be employed by one or both Defendants, and thus those employees can be part of the putative class in this case. Accordingly, Defendants should provide the requested discovery.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Denise A. Schulman
Denise A. Schulman

cc: All counsel (via ECF)