**SAHN WARD BRAFF KOBLENZ PLLC**
ATTORNEYS AT LAW
333 EARLE OVINGTON BOULEVARD, SUITE 601
UNIONDALE, NEW YORK 11553
TELEPHONE: (516) 228-1300
TELECOPIER: (516) 228-0038
E-MAIL: INFO@SAHNWARD.COM

December 12, 2023

**VIA ECF**
Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Aaron Pry, et. al. v. Auto-Chlor System, LLC, et. al.</u>
       Case No. 1:23-cv-04541

Honorable Sir:

  We represent Defendants in the above-referenced matter and write in response to Plaintiff's December 7, 2023 letter. This action was commenced on May 31, 2023 by Plaintiff who was employed solely by Defendant, Auto-Chlor System of New York City, Inc. ("AC NYC"), which is a franchise located in the New York City, Long Island and New Jersey area. What Plaintiff fails to mention is that he only worked for AC NYC for a matter of weeks as a Route Trainee, when it was determined that he was unable to perform the essential functions of his job as he apparently has a sleep disorder that makes it a hazard to the community at large for Plaintiff to be operating a commercial vehicle transporting chemicals. Based upon Plaintiff's limited employment, it is questionable that he would even qualify to be a class representative.

  Defendant, Auto-Chlor System LLC is a dishwasher manufacturing company based in Tennessee that has absolutely nothing to do with this case and has zero employees within the State of New York. Defendants' counsel have repeatedly pointed out to Plaintiff's attorneys that they sued the wrong entity. Instead of remedying their defect without resort to motion practice, they simply added the correct entity and are now alleging that this Tennessee manufacturing company is somehow a joint employer with AC NYC without any good faith basis to make this assertion. Plaintiff and his counsel are also aware that there are not sufficient employees located within New York State to create a class large enough to satisfy CAFA as we have provided Plaintiff's Counsel with a list of similarly situated employees employed by AC NYC during the relevant period for all AC NYC locations, not just the Bronx Branch where Plaintiff worked. As such, Plaintiff and his counsel are now fishing for additional Plaintiffs, seeking information about Auto-Chlor of the Mid-South, who is not our client and who is not a party to this action, in an attempt to cobble together CAFA jurisdiction where there otherwise is none. It is respectfully submitted, however, that the Courts require that an action be commenced with a good faith basis as to the jurisdiction of the Court prior to commencement and do not allow the parties to go on a fishing expedition in an attempt to concoct jurisdiction after the fact. When the Plaintiff's demands viewed in conjunction with Defendants' responses and the limited scope of discovery being permitted at this stage of the litigation prior to class certification, Defendants have been completely and utterly compliant. The fact that Plaintiff is seeking an all-encompassing and all-inclusive national umbrella in an attempt to satisfy CAFA should not be permitted in this case, particularly where this case stems <u>solely</u> out of the New York Labor Laws that would have no effect on a dish machine manufacturing company based out of

Tennessee, thus, adding zero potential class members.

## I. Discovery relating to putative class members

In support of her contention that "CAFA defines class members as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action," it is telling that Plaintiff only cites to cases from places like Hawaii and Virginia in support of his position, which is that there is no support therefore in this District as it is clear that he is grasping at straws to give any basis for jurisdiction in this Court over this clearly state court matter. Even reviewing these random cases from faraway places evidences that they are distinct where, in those cases, the plaintiff narrowly defined the class members to only involve those individuals related to the actual named defendants in those actions in a manner that would satisfy commonality in a motion for certification. See *Bird v. Turner*, No. 14 CV 97, 2015 U.S. Dist. LEXIS 69555, at *10-12 (N.D.W.V. May 29, 2015); *McMullen v. Synchrony Bank*, 82 F. Supp. 3d 133, 138 (D.D.C. 2015); and *Fergerstrom v. PNC Bank*, NA., No. 13-526, 2014 U.S. Dist. LEXIS 58676, at *11-14 (D. Haw. Feb. 27, 2014). For example, in *Bird*, supra at 12, the West Virginia Plaintiff stated that the class was "all persons to, with, or about which the Defendants and/or their agents made representations; explained, negotiated and/or processed agreements relative to Plaintiffs' mineral rights; assigned, conveyed or encumbered said purported mineral rights; and recorded documents, creating public records relative to all of the above so as to: (1) cloud the titles of class members' property; (2) prevent the free alienation of Plaintiffs' real property thereby violating the Plaintiffs' constitutional rights; and (3) damaging class members generally," In *Fergerstrom*, supra at 2, the Hawaii plaintiff narrowly defined the class as "consumers 'subjected to a notice of foreclosure sale under H.R.S. § 667–5' on behalf of 'Defendant PNC (or NCB before its merger with PNC) claiming for PNC or NCB the rights of a mortgagee with a power of sale and as to whose property Defendant PNC or NCB thereby caused the sale or transfer of the property on or after September 9, 2009.'" Here, Plaintiff has defined the class as any employee working for any Auto-Chlor Franchise in the State of New York regardless of whether they worked for a named party in this action and regardless of whether they satisfy the requirement of commonality and typicality that is required for class certification. As this definition of a class is far too broad, Defendants have countered by defining the class as all employees of AC NYC who worked as Route Trainees during the relevant period herein. Even that is a generous definition as there is binding precedent which dictates that a Plaintiff may not bring a violation of NYLL §191 as a class. See *Grant v. Global Aircraft Dispatch, Inc.*, 2021 WL 6777500, *3 (Queens Co. Sup. Ct. 2021) (**As NYLL §198 does not expressly allow for the recovery of liquidated damages as a class action, a complaint rooted entirely on one cause of action for liquidated damages due to a technical default may not be brought as a class as a matter of law.**); *Gardner v. D&D Elec. Const. Co. Inc.*, 2019 WL 3765345, at *2 (N.Y. Co. Sup Ct. 2019); *Hunter v. Planned Bldg. Svs. Inc.*, 2018 WL 3392476, at *4 (N.Y. Co. Sup. Ct. 2018).

In support of her contention that "Plaintiff is entitled to the requested discovery that seeks to identify the number of people who fall into the proposed class definition in his complaint and the amount of their damages, which are the key jurisdictional facts in dispute," Plaintiff's counsel cites to *Cunningham v. Pret A Manger (USA) Ltd.*, No. 19 CV 2322, 2020 U.S. Dist. LEXIS 4993, at *11-13 (S.D.N.Y. Jan. 10, 2020), but fails to mention that the finding therein was that "the Court will permit Plaintiff to serve appropriately-tailored interrogatories and document requests," not unfettered demands that are tantamount to a fishing expedition in an attempt to create federal court jurisdiction where there is otherwise none. *Cunningham v. Pret a Manger (USA) Ltd.*, No. 19-cv-02322, 2020 WL 122835, at *5 (S.D.N.Y. Jan. 10, 2020). Here, there can be no dispute that the interrogatories submitted by Plaintiff are not narrowly tailored and, in fact, go well beyond the limited scope discovery, impermissibly asking questions about entities who are not parties and who are not represented herein. See *Chow v. SentosaCare, LLC*, No. 19-cv-3541, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020) (explaining that discovery prior to class certification "must be conducted

2

with an eye to relevance and proportionality and bear some relationship to the claims of the named Plaintiff"); *Golden v. Pennsylvania Higher Education Assistance Agency*, No. 22-MC-1899, 2022 WL 32288261, at *5 (E.D.N.Y. 2022). The decision to permit or limit pre-certification discovery lies within the court's discretion and it is Plaintiff's burden to prove that the discovery Plaintiff requested would be relevant to his motion for class certification. *Id.*

In determining class certification "the Court must undertake a "rigorous analysis" to determine whether the plaintiff has proven each prerequisite by a preponderance of the evidence." *Haag v. Hynundai Motor America,* 330 F.R.D. 127, 131 (W.D.N.Y. 2019). "To certify a class, a district court must make a definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues, ... must resolve material factual disputes relevant to each Rule 23 requirement, and must find that each requirement is established by at least a preponderance of the evidence." *See In re U.S. Foodservice*, 729 F.3d at 117 (quotation marks omitted). *Rodriguez v. It's Just Lunch, Intern*, 300 F.R.D. 125, 132 (S.D.N.Y 2014). Plaintiff's argument appears to be that their definition should be followed on the basis that it is the definition that they themselves drafted in the Complaint. However, the case law cited in Plaintiff's letter, does not support this contention, and only cites to a provision of CAFA that defines "class members" but does not reinforce their view that the definition in their Complaint should apply here.

Defendants do not believe that Plaintiff is entitled to manipulate the scope of discovery and the definition of the proposed class as Plaintiff sees fit in order to meet the requirements set out in CAFA. Production of all the information and documents that Plaintiff seeks in his demands would be unduly burdensome on Defendants as it goes beyond the scope of this action and is extremely broad. *See Benavides v. Serenity Spa NY Inc.,* 166 F.Supp.3d 474, 488 (S.D.N.Y. 2016). Plaintiff claims that pursuant to *Benavides*, he is entitled to his requested discovery because it "is relevant to Plaintiffs anticipated class certification motion", and "is aimed at properly identifying the size and composition of the class, i.e., determining whether numerosity, commonality, and typicality are satisfied." However, Plaintiff's requests go far beyond this limitation by asking about essentially all employees, without any rationale as to how such definition of the class was come to and without any specific limitations, such as the employees' responsibilities, job duties, etc. Pursuant to FRCP Rule 23(a), in order to establish class certification, the Plaintiff bears the burden of showing: (1) numerosity, (2) commonality, (3) typicality, and (4) fair and adequate representation of the class. Defendants object to Plaintiff's definition of the class on the grounds that it is an improper, overbroad definition that is not a narrowly tailored class that pertains solely to the named Defendants or to similarly situated employees. In contrast, Defendants offered a reasonable, narrowly tailored definition that pertains to the entities actually named herein and the employees that hold/held the same position as Mr. Pry.

Furthermore, Defendants contend that they should not be required to produce any additional information or documentation as to potential class members until a proper definition of the class is decided. It is perplexing that Plaintiff continues to push his overbroad class definition rather than moving for class certification so that a proper definition of the class can be determined by the Court.

### II. Discovery relating to Auto-Chlor Mid-South

Defendants also object to responding to any discovery demand relating to Auto-Chlor System of the Mid-South ("Mid-South") as this entity is not a named party in this action and is an entity who we do not represent. Although not mentioned in Plaintiff's Amended Complaint, Plaintiff now alleges that they believe Mid-South, along with Defendants, are a single integrated employer. Plaintiff failed to sufficiently plead this claim as it has been held that "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555

(2007). Plaintiff has failed to meet this obligation.

      Additionally, Plaintiff failed to name Mid-South as an entity and is now attempting to obtain discovery from an unnamed Defendant rather than moving to amend their pleadings and/or simply moving for certification so that the Court may define the class. Seeking discovery from Defendants as it applies to a non-party is plainly improper and Defendants object to the production of any information or documents as they relate to Mid-South as it is not a named party herein. For the reasons set forth above, Defendants contend that they should not be required to produce the requested discovery as Plaintiff's definition of the class is overbroad, unduly burdensome, and a fishing expedition to concoct CAFA jurisdiction and contend that they should not be required to produce discovery relate to Mid-South, as it is not a named party and we do not represent them.

      Respectfully submitted,

      SAHN WARD BRAFF KOBLENZ PLLC

      By: _____
            EMILI KILOM

CC:    Joseph & Kirschenbaum LLP, VIA ECF ONLY