# Exhibit 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Aaron Pry  )<br>*Plaintiff*  )<br>v.  )<br>Auto-Chlor System, LLC and Auto-Chlor System of )<br>New York City, Inc.  )<br>*Defendant*  ) | Civil Action No. 23 CV 4541 |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Auto-Chlor System of the Mid South, LLC
c/o Corporation Service Company, 80 State Street, Albany, NY 12207

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 or via email to denise@jk-llp.com | Date and Time:<br>01/17/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/26/2023

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff Aaron Pry_____, who issues or requests this subpoena, are:

Denise Schulman, Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004, denise@jk-llp.com, 212-688-5640

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:23-cv-04541-DEH-JLC   Document 39-1   Filed 02/05/24   Page 4 of 8

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON PRY, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>AUTO-CHLOR SYSTEM, LLC and AUTO-CHLOR SYSTEM OF NEW YORK CITY INC.,<br><br>**Defendants.** | Case No.: 23 CV 4541 |

**ATTACHMENT A TO SUBPOENA TO**
**AUTO-CHLOR SYSTEM OF THE MID SOUTH LLC**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure and the foregoing subpoena, Plaintiff Aaron Pry ("Plaintiff") requests that you produce for inspection and copying at the offices of counsel for Plaintiff, Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, New York 10004, or via email to denise@jk-llp.com, any and all documents described herein.

**DEFINITIONS**

1. Plaintiff hereby incorporates all definitions set forth in Local Civil Rule 26.3.

2. "Auto-Chlor Mid South" or "You" refers to Auto-Chlor System of the Mid South, LLC.

3. "Liability Period" means the entire period covered by this Action, *i.e.*, from May 31, 2017 to the time of trial.

4. "Buffalo Branch" means the Auto-Chlor branch located in Buffalo, NY.

5. "Manual Workers" means all non-managerial, non-clerical employees other than outside sales representatives who worked at the Buffalo Branch.

1

## REQUESTS FOR PRODUCTION

**Request No. 1**

Documents sufficient to show the frequency of wage payments that You made to Buffalo Branch Manual Workers during the Liability Period.

**Request No. 2**

Documents sufficient to identify the names, dates of employment, and job titles of all Buffalo Branch Manual Workers employed by You during the Liability Period.

**Request No. 3**

All Buffalo Branch Manual Workers' payroll records from the Liability Period.

**Request No. 4**

All Buffalo Branch Manual Workers' time records from the Liability Period.

**Request No. 5**

Documents sufficient to identify the job titles of all of Your non-managerial positions in New York State during the Liability Period.

**Request No. 6**

Documents sufficient to identify all of Your New York State locations during the Liability Period.

**Request No. 7**

Documents sufficient to show the number of people employed in each Buffalo Branch Manual Worker job title during the Liability Period.

**Request No. 8**

All job descriptions from the Liability Period for all of Your Buffalo Branch Manual Worker job titles, including but not limited to installers, technicians, mechanics, rebuilders, sales and service representatives, route drivers, and trainees in those positions.

**Request No. 9**

All job postings from the Liability Period for all of Your Buffalo Branch Manual Worker job titles, including but not limited to installers, technicians, mechanics, rebuilders, sales and service representatives, route drivers, and trainees in those positions.

**Request No. 10**

All training materials Your have used for Your Buffalo Branch Manual Workers during the Liability Period.

**Request No. 11**

All employee handbooks that You provided to Buffalo Branch Manual Workers during the Liability Period.

**Request No. 12**

Documents sufficient to show the ownership and control of Auto-Chlor Mid South throughout the Liability Period, including but not limited to organizational charts, shareholders, board of director members, and executive staff.  This request includes documents relating to the management structure and names and titles of individual officers and managers.

**Request No. 13**

Your formation documents.

**Request No. 14**

All contracts or other agreements between You and Auto-Chlor System, LLC that were in effect during the Liability Period.

**Request No. 15**

All contracts or other agreements between you and Auto-Chlor System of New York City Inc. that were in effect during the Liability Period.

**AFFIDAVIT OF SERVICE**

INDEX #: **23 CV 4541**
RETURN DATE: **01/17/2024 @ 5:00PM**
ATTORNEY: **JOSEPH & KIRSCHENBAUM LLP**
**32 BROADWAY SUITE #601 NEW YORK NY 10004 (212)688-5640**

---

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

**AARON PRY**
Plaintiff(s)
- against -
**AUTO-CHLOR SYSTEM, LLC AND AUTO-CHLOR SYSTEM OF NEW YORK CITY, INC.**
Defendant(s)

---

STATE OF NEW YORK:
COUNTY OF ALBANY:    ss:

STEF MARIE, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on **12/27/2023, 02:37PM** at **80 STATE STREET, 10TH FLOOR, ALBANY, NEW YORK 12207**, deponent served a **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION WITH ATTACHMENT A** upon **AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC , BY SERVICE UPON CORPORATION SERVICE COMPANY AS REGISTERED AGENT**, a witness in the above captioned matter.

By delivering to and leaving a true copy of the above described papers thereof personally with **MAUREEN COGAN**, Registered Agent, who indicated that she was authorized to accept service of process on behalf of **AUTO-CHLOR SYSTEM OF THE MID SOUTH, LLC**.

DEPONENT DESCRIBES THE INDIVIDUAL SERVED AS FOLLOWS:
Sex **F**    Approximate age **57**    Approximate height **5'07"**    Approximate weight **195**    Color of skin **WHITE**    Color of hair **BLACK**

Sworn to before me on 12/28/2023
DAVID POST NO. 01P06427868
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES ON 01/03/2026

X _S. marie_
STEF MARIE

SERVING BY IRVING INC.
**18 EAST 41 STREET SUITE #1600 NEW YORK, NY 10017 (212)233-3346**