# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AARON PRY, individually and on behalf of all
others similarly situated,

                                              Plaintiff,      **RESPONSE TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS**

                  -against-

AUTO-CHLOR SYSTEM, LLC and AUTO-
CHLOR SYSTEM OF NEW YORK CITY
INC.,
                                  Case No. 1:23-cv-04541

                                              Defendants.
------------------------------------------------------------X

        Auto-Chlor System of the Mid South, LLC ("Mid South") as and for its Response to Plaintiff's Subpoena to Produce Documents, respectfully alleges as follows:

### GENERAL OBJECTIONS

        1.        Mid South objects generally to the demands to the extent specified below. All responses are made subject to these objections.

        2.        In providing responses, Mid South does not in any way waive or intend to waive, but rather intend to preserve and are preserving:

                a.        All objections as to competency, relevancy, materiality, and admissibility of the requests in the document demands and Mid South's responses thereto;

                b.        All objections as to vagueness, ambiguity, and undue burden;

      c.    All objections regarding subject matter and personal jurisdiction as Mid South is not a party to this action.

      d.    All rights to object on any ground to the use of any of said responses, or the subject matter thereof, in any subsequent proceedings, including the trial of this and any other action or proceeding;

      e.    All rights to object on any grounds to any further requests for information or documents involving or related to the document demands.

3.    Mid South objects to the demands to the extent they are vague, ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

4.    Mid South objects to the demands to the extent they seek materials prepared in anticipation of litigation, or information protected by the attorney-client communication privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from disclosure.

5.    The inadvertent or mistaken response to a request subject to the protections of the attorney-client communication privilege, work product doctrine, or other privilege shall not constitute a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of such privilege or protection and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. All such

inadvertently produced documents shall be returned to Mid South, along with any copies made thereof.

6. Mid South reserves the right to supplement any responses as discovery and investigation proceed, if information that is not set forth herein, but which may be responsive to the document demands, is discovered or later obtained, and/or upon completion of counsel's review of the above-referenced records.

7. Each of the general objections shall be deemed to apply, where appropriate, to Mid South's responses set forth below, notwithstanding the fact that Mid South has supplied answers to the demands.

8. Without waiving any of the foregoing objections, Mid South responds to Plaintiff's Subpoena to Produce Documents as follows:

## DOCUMENT RESPONSES

1. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Notwithstanding said objection, see MID0001 to MID0405.

2. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to said demand as the term manual worker has not been identified or defined to enable Mid South to properly respond to this demand. Notwithstanding said objection, see documents produced in response to Request No. 1.

3. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to said demand as the term manual worker has not been identified or defined to enable Mid South to properly respond to this demand. Notwithstanding said objection, see documents produced in response to Request No. 1.

4. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South similarly objects to said demand as the term manual worker has not been identified or defined to enable Mid South to properly respond to this demand. Mid South further objects to this request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191, thus, the time records are utterly irrelevant to the one cause of action asserted by Plaintiff in this action.

5. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South similarly objects to this request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191. Mid South further objects to said demand as the term manual worker has not been identified or defined to enable Mid South to properly respond to this demand.

6. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid

4

South further objects to this request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191. Notwithstanding said objection, Mid South is not in possession of any documents responsive to this request and contends that its only location in New York State is the Buffalo location.

7. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to this request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191. Notwithstanding said objection, see Response to Document Request No. 6.

8. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to this request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191.

9. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to this request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191.

10. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to this request on the basis that it is overbroad, unduly burdensome, utterly irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191.

11. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to this request on the basis that it is overbroad, unduly burdensome, utterly irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191.

12. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Notwithstanding said objection, Mid South is not in possession of any documents responsive to this request.

13. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to this request on the basis that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191.

14. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Mid South further objects to this request on the basis that it is overbroad, unduly burdensome,

and not reasonably calculated to lead to the discovery of admissible evidence as Plaintiff's claims are purely based on pay frequency under NYLL § 191.

15. Mid South objects to this request on the basis that it is a franchise that is separately owned and operated from the Defendant entities named herein above. Notwithstanding said objection, Mid South is not in possession of any documents responsive to this request.

Dated: Atlanta, Georgia
   January 26, 2024

By: _____
JONAH BECKSTEAD,
Senior Vice President, Auto-Chlor
System of the Mid South, LLC