## SAHN WARD BRAFF KOBLENZ COSCHIGNANO PLLC
ATTORNEYS AT LAW
333 EARLE OVINGTON BOULEVARD
SUITE 601
UNIONDALE, NEW YORK 11553

———

TELEPHONE: (516) 228-1300
TELECOPIER: (516) 228-0038
E-MAIL: INFO@SAHNWARD.COM
WWW.SAHNWARD.COM

EMILI KILOM
Associate
ekilom@sahnward.com

February 9, 2024

**VIA ECF**
Hon. James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>Pry v. Auto-Chlor System, LLC and Auto-Chlor System of New York City Inc.</u>
             Case No.: 23-cv-4541 (DEH) (JLC)

Honorable Sir:

      We represent Defendants in the above-referenced matter and write in response to Plaintiff's letter seeking a conference concerning outstanding discovery disputes and to compel Defendants to produce additional discovery.

      On December 14, 2023, the Court ordered Defendants to produce certain class-related discovery that would aid in ascertaining whether the Class Action Fairness Act ("CAFA") could potentially apply in this matter, to wit: discovery that identifies "the number of people who fall into the proposed class definition in [Plaintiff's] amended complaint and the amount of their damages." *(Doc. No. 34)* Pursuant to this Order, Defendants produced a Supplemental Response to Interrogatories wherein the identities, job titles, and dates of employment of "all non-managerial, non-clerical employees other than outside sales representatives" were provided and produced a Supplemental Response to Request for Production of Documents wherein the payroll records for said employees were also provided. *(See <u>Defendant-Auto-Chlor System of New York City Inc.'s Supplemental Response to Interrogatories, attached hereto as Exhibit "A"; Defendants' Supplemental Response to Plaintiff's Request for Production of Documents, sans the voluminous payroll records produced, attached hereto as Exhibit "B"</u>)*

      On February 5, 2024, Defendants received an email from Plaintiff's counsel wherein she demanded that the Defendants' additionally produce time records, documents sufficient to show all non-managerial job titles, job descriptions, job postings, and training materials for non-managerial and non-clerical positions. In response thereto, the undersigned advised Plaintiff's counsel that the same was outside the scope of this Court's prior order, that the information sought related to the names and job titles was, in fact, included in the Defendants' detailed response, and the information sought was neither material nor relevant to this stage of the litigation. On February 7, 2024, the parties met and conferred regarding Plaintiff's discovery

disputes. During said meet and confer, the undersigned reiterated what was stated in her February 5 email, which was that the documents sought by Plaintiff's counsel would neither identify the number of people that would fall into the Plaintiff's proposed class, nor would they demonstrate the amount of the potential class members' damages, something clearly evidenced by the payroll records that were produced.

During the meet and confer, the undersigned informed Plaintiff's counsel that Defendants intended to renew their request for leave to file a Motion to Dismiss based on the recent decision of the New York State Appellate Division holding that (1) an employee does not have a private right of action to sue under *NYLL §191,* (2) an employee may not recover liquidated damages under *NYLL §198* for a technical violation of *NYLL §191*, and (3) an employee may not bring a claim for a penalty under *NYLL §198* as a class in any event ---*just as Plaintiff is attempting to do in this action*. Grant v. Global Aircraft Dispatch, Inc., ___ A.D.3d ___, 2024 WL 172900 (2nd Dept., 1/27/24).

Defendants submit that the Court should deny Plaintiff's instant Rule 37.2 Motion as Defendants have provided all class-related discovery as ordered by the Court during the December 14, 2023 Conference and the prior Scheduling Order related to Phase I Discovery. As Plaintiff initiated this matter as a class action, Phase I discovery was limited in scope to class-related discovery only. Now, Plaintiff seeks to obtain job descriptions, job postings, and training materials. None of these documents relate to the discovery directed in Phase I, nor do they relate to any of the allegations raised in the Complaint as this action was commenced **solely** to recover liquidated damages under *NYLL §198* for alleged frequency of pay violations under *NYLL §191*, which Defendants submit will be dismissed as a consequence of the Decision in *Grant, supra,* and Governor Kathy Hochul's amendments to *NYLL §198* included in her 2025 Budget that will explicitly state that an employee, such as the Plaintiff, does not have a private right of action to sue under *NYLL §191* and may not seek liquidated damages for a technical violation thereof, as the Plaintiff seeks herein. *See* https://www.budget.ny.gov/pubs/archive/fy25/ex/artvii/elfa-bill.pdf Today, the Court granted such leave and Defendants' anticipate their motion to dismiss will be filed by March 1, 2024. For all of the foregoing reasons, Defendants respectfully request that Plaintiff's request to compel additional discovery, not related to Plaintiff's numerosity claim, in Phase I discovery be denied.

    Very truly yours,

    SAHN WARD BRAFF KOBLENZ
    COSCHIGNANO PLLC

    By: *Emili Kilom*
        EMILI KILOM