UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

AARON PRY, individually and on behalf
of all others similarly situated,

                Plaintiff,

                                                        Case No. 1:23-cv-04541

       -against-

AUTO-CHLOR SYSTEM, LLC and
AUTO-CHLOR SYSTEM OF NEW
YORK CITY, INC.,

                Defendants.

------------------------------------------------------------------X

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**                         **PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENTS ........................................................................................................................1

    I. **THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AS THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THIS DISPUTE**…………………………1

    II. **THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) AS THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED** ……………………………………………………….…………4

    III. **THIS COURT SHOULD STAY THIS MATTER AT THE VERY LEAST UNTIL THE COURT OF APPEALS DECIDES <u>GRANT V. GLOBAL AIRCRAFT</u> AND/OR THE PASSING OF THE 2025 FISCAL BUDGET WHICH STATES THAT AN EMPLOYEE MAY NOT MAINTAIN AN ACTION UNDER NYLL §198 (1-a) BASED PURELY UPON A FREQUENCY OF PAY VIOLATION UDNER NYLL §191 WHERE THE EMPLOYEE WAS PAID AT LEAST BI-WEEKLY**…………….…………5

CONCLUSION ........................................................................................................................9

**TABLE OF AUTHORITIES**

**Case**                                                     **Page**

Clinton v. Jones, 520 U.S. 681 (1997)……………………………………………………5

Dyshawn Colvin v. New You Bariatric Group LLC, NY Sup. Ct. Index No. 154686/2023, Decision and Order (6/20/2024) …………………………………………………………7

Goldstein v. Time Warner NYC Cable Group, 2 F.Supp.2d 423 (SDNY 1998)………………5

Grant v. Global Aircraft Dispatch, Inc., 223 A.D.3d 712 (2d Dept. 2024)…….....……... *passim*

Hoover v. HSBC Mort. Corp. (USA), 2014 WL 12781322 (NDNY 2014)……...……………6, 7

In re Gen. Motors LLC Ignition Switch Litig., 339 F. Supp. 3d 262 (SDNY 2018)…………..7

Kappel v. Comfort, 914 F. Supp. 1056 (SDNY 1996)……………………………………….6

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994) ……………………1

Konkur v. Utica Acad. of Sci. Charter Sch., 38 N.Y.3d 38 (2022) ………………………… 4-5

Landis v. N. Am. Co., 299 U.S. 288 (1836)……………………………………………………5

Lasala v. Needham & Co., 399 F.Supp.2d 421 (SDNY 2005)…………………………………..5

Leslie v. Thompson Reuters Corp., 2023 WL 6173511 (SDNY 2023) ……………………….5, 7

Loftus v. Signpost Inc., 464 F.Supp.3d 524 (SDNY 2020)…………………………………….5

Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83 (2d Cir. 2012)……………………5

Maddox v. Bank of N.Y. Mellon Tr. Co., 19 F.4th 58 (2d Cir. 2021)………………………..1

Marshel v. AFW Fabric Corp., 552 F.2d 471 (2d Cir. 1977)……………………………………5

OV Loop Inc. v. Mastercard Inc., 2023 WL 7905690 (SDNY 2023)…………………………..6

Rovi Guides Inc. v. Comcast Corp., 2017 WL 4876305 (SDNY 2017)…………………1, 3, 5, 7

Royal Park Invs. SA/NV v. U.S. Bank Nat'l Assn., 2018 WL 3830921 (SDNY 2018)……….7

Sethy v. Victoria's Secret Stores, 23 Civ. 3452, 2023 U.S. Dist. LEXIS 124756 (SDNY 2023)..7

Sevilla v. House of Salads One LLC, 2022 WL 954740 (EDNY 2022)……………………..1

Sikhs for Justice v. Nath, 399 F.Supp.2d 598 (SDNY 2012)……………………………………5

Strubel v. Comenity Bank, 842 F.3d 181 (2d Cir. 2016)……………………………………..1

Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014) ……………………………………1

TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021)………………………………………...1-2

Urena v. Sonder USA Inc., 2024 WL 1333012 (SDNY 3/28/24)……………………………7-8

Van Elzen v. Glob. Strategy Grp., LLC, 2021 WL 185328 (SDNY 2021)……………………6

Vega v. CM & Assoc. Constr. Mgt., LLC, 175 AD3d 1144 (1st Dept. 2019)….…………*passim*

Wisconsin v. Mitchell, 508 US 476 (1993)……………………………………………….7

| **Statute** | **Page** |

Federal Rules of Civil Procedure 12(b)(1)……………………………………………….1

Federal Rules of Civil Procedure 12(b)(6)……………………………………………….4

New York Labor Law  §191……………………………………………………………..*passim*

New York Labor Law  §198(1-a)……………………………………………………….*passim*

| **Constitutional Provisions** | **Page** |

United States Constitution, Article III……………………………………………………*passim*

| **Miscellaneous** | **Page** |

L.1890, ch. 388, §1……………………………………………………………………...3

L. 1897, ch. 415………………………………………………………………………….3

1892 N.Y. Op. Att'y Gen. 444…………………………………………………………….3

1893 N.Y. Op. Att'y Gen. 124…………………………………………………………….3

Bill Jacket, L.1966, c.548 (1966)………………………………………………………….3

Fifth Annual Report of the Factory Inspectors,

    Office of the Factory Inspectors, Jan. 26, 1891………………………………….3

Fiscal Year 2025 Executive Budget ………………………………………………………3

**ARGUMENTS**

**I.     THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AS THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR THIS DISPUTE**

Plaintiff concedes the federal courts are courts of limited jurisdiction and that the Plaintiff bears the burden of proving that subject matter jurisdiction exists, particularly where the Complaint exists entirely of one cause of action brought solely under state, not federal, law. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994); <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiff further concedes that, to establish Article III standing and, thus, subject matter jurisdiction, he must demonstrate (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 157-158 (2014). Plaintiff agrees that, to demonstrate "injury in fact", he "must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." <u>Strubel v. Comenity Bank</u>, 842 F.3d 181, 188 (2d Cir. 2016). Plaintiff similarly concedes that he cannot establish Article III standing by merely alleging a statutory violation. <u>Maddox v. Bank of N.Y. Mellon Tr. Co.</u>, 19 F.4th 58, 64 (2d Cir. 2021); <u>see also</u> <u>TransUnion LLC v. Ramirez</u>, 141 S. Ct. 2190, 2205 (2021). Plaintiff finally concedes that, where he has not suffered any physical, monetary or cognizable intangible harm, he has failed to establish a concrete injury sufficient to demonstrate Article III standing to convey subject matter jurisdiction to the federal courts to hear the dispute. <u>Sevilla v. House of Salads One LLC</u>, 2022 WL 954740 (EDNY 2022).

While not disputing the foregoing, the Plaintiff simply alleges that he has supposedly

1

suffered a nonspecific injury the brief seven day delay in payment on two occasions during his one month tenure working for Auto-Chlor of New York City, Inc. and that, as a consequence, his alleged entitlement to entitled to liquidated damages as a result of this purely statutory violation should be sufficient to convey Article III standing to this Court.  Defendants respectfully submit that it does not.

Indeed, as set forth fully in the *Grant v. Global Aircraft Dispatch, Inc., 223 A.D.3d 712 (2d Dept. 2024)* and as clearly established in the legislative history of *NYLL §191,* an employee does not possess an express or implied right of action to sue for a statutory violation related to an error in frequency of pay and may not seek liquidated damages under *NYLL §198* as a consequence thereof.  Absent the Plaintiff's right to seek liquidated damages under *NYLL §198*, Plaintiff may not establish concrete injury in fact to establish Article III standing to sue in federal court as Plaintiff admittedly has no other damages.

Even if *NYLL §191* did afford a private right of action, which Defendants submit it does not, the Plaintiff does not properly establish how this Court has Article III standing merely because a purely technical violation. *See TransUnion LLC, supra at 2205.*  Indeed, having a technical private right of action is not sufficient to convey Article III standing where there is no concrete injury in fact. *Id*.  This is particular so where, as here, the Plaintiff admittedly has no actual damages as he concedes that he was, in fact, paid every cent to which he was entitled, albeit on a biweekly basis.

Furthermore, the entire concept that an employee paid everything he is entitled to, albeit seven (7) days late, should entitle the employee to 100% of the wages he admittedly received is flawed.  Indeed, as noted in the Legislative History discussed in detail in Defendants' Memorandum of Law and as evidenced by the proposed legislative amendments to *NYLL*

2

*§198(1-a)* that are still pending before the Legislature, as well as the proposed amendments introduced in the 2024-2025 Fiscal Year Budget, it is clear that the Legislature did not ever nor does it not intend for an employee to receive a windfall of fifty (50%) of his wages for up to six years for a technical violation. *(See Weekly Pay Act, L. 1890, C. 388, §2, attached hereto as Exhibit "F"; Fifth Annual Report of the Factory Inspectors (5-21-1890), attached hereto as Exhibit "G"; Bill Jacket, L. 1966, c. 548 (1966), attached hereto as Exhibit "H"; NYS Dept. of Labor Opinion Letter, attached hereto as Exhibit "I"; 2024-2025 Proposed Executive Budget, Memorandum in Support, Part K, pp. 14-15, attached hereto as Exhibit "J")* Indeed, it is clear from the Legislative History that the only recourse for such a technical violation is filing a complaint with the Commissioner of Labor and imposition of a penalty payable to the State.

Indeed, although it was removed from the Fiscal Budget as a compromise considering that the proposed amendment was included in the Education Budget, the fact remains that the Legislature, Governor of the State of New York and the Second Department perceive *NYLL §198* to be fairly clear that an employee may not seek 100% liquidated damages for a technical violation of *NYLL §191* and that the only recourse is to file a complaint with the Department of Labor for administrative enforcement. *(See Part K, pp. 14-15, of Exhibit J)* Furthermore, this provision being removed from this year's budget does not negate the fact that there is similar legislation still pending before the Senate. Nevertheless, as the Governor of the State of New York, the Legislature and the Second Department have all unequivocally stated that an employee does not possess a private right of action to sue for a frequency of pay violation under *NYLL §191* or to seek liquidated damages under *NYLL §198*, it is readily apparent that Plaintiff has suffered no injury, much less a concrete injury in fact warranting conveying Article III standing in the federal courts.

3

## II. THIS COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) AS THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

Plaintiff acknowledges that Defendants may move to dismiss Plaintiff's Complaint under to *FRCP 12(b)(6)* where it fails to state a claim upon which relief can be granted. Plaintiff further acknowledges that the more recent decision of the Appellate Division, Second Department, is directly on point and holds that Plaintiff does not possess an implied or express private right of action to sue for a frequency of pay violation under *NYLL §191* or to seek liquidated damages under *NYLL § 198*. See Grant v. Global Aircraft Dispatch, Inc., 223 A.D.3d 712 (2d Dept. 2024). Plaintiff finally does not dispute that the Grant Decision took a more thorough and in depth look at both the Legislative History underlying *NYLL §§191* and *198*, than the Vega Court and contemplated the Court of Appeals precedent set in Konkur v. Utica Acad. of Sci. Charter Sch., *38 N.Y.3d 38 (2022)*, when dismissing the action.

Yet, Plaintiff asks this Court to ignore the more well thought out precedent and in depth legislative history in Grant, to ignore the Court of Appeals precedent in Konkur, supra, and to also ignore the clear indication from the Legislature and the Governor of the State of New York that Vega got in wrong. Plaintiff asks this Court to ignore the foregoing because, without Vega, Plaintiff admittedly has no case and no damages.

However, Defendants respectfully request that this Court not disregard the through and in depth analysis into the Legislative History found in Grant, something that is completely missing from the Vega Decision.  Defendant further asks this Court to similarly not disregard the fact that both the New York State Legislature and the Governor of the State of New York have publicly stated that the Vega Court got it completely wrong.  Defendants further respectfully request that

4

this Court not disregard the Court of Appeals ruling in *Konkur* that provided insight into how the Court of Appeals will likely rule on whether an employee has a private right of action where there is none expressly written in the statute. Alternatively, as discussed in Point III, infra, this Court should stay this matter pending a decision by the New York State Court of Appeals on the issue instead of guessing whether the *Grant* or *Vega* Courts were correct, just as a large number of state and federal courts have done since *Grant* came out in January as the ruling of the Court of Appeals in *Grant* will directly impact the decision in this case.

**III. THIS COURT SHOULD STAY THIS MATTER AT THE VERY LEAST UNTIL THE COURT OF APPEALS DECIDES GRANT V. GLOBAL AIRCRAFT AND/OR THE PASSING OF THE 2025 FISCAL BUDGET WHICH STATES THAT AN EMPLOYEE MAY NOT MAINTAIN AN ACTION UNDER NYLL §198 (1-a) BASED PURELY UPON A FREQUENCY OF PAY VIOLATION UDNER NYLL §191 WHERE THE EMPLOYEE WAS PAID AT LEAST BI-WEEKLY**

Plaintiff acknowledges that this Court "has broad discretion to stay proceedings incident to its power to control its docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); see also *Landis v. N. Am. Co.*, 299 U.S. 288, 254 (1836); *Loftus v. Signpost Inc.*, 464 F.Supp.3d 524, 526 (SDNY 2020), quoting *Louis Vuitton Malletier S.A. v. LY USA, Incl*, 676 F.3d 83, 86 (2d Cir. 2012). Plaintiff further concedes that it is in the inherent power of this Court to stay proceedings "pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling" of the issues before the Court. *Lasala v. Needham & Co.*, 399 F.Supp.2d 421, 427 (SDNY 2005). Plaintiff further acknowledges that the state and federal courts routinely "exercise staying power when a higher court is close to settling an important issue of law bearing upon the action." *Sikhs for Justice v. Nath*, 399 F.Supp.2d 598, 622 (SDNY 2012); see also *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977); *Leslie v. Thompson Reuters Corp.*, 2023 WL 6173511, *2 (SDNY 2023); *Goldstein v. Time Warner NYC Cable Group*, 2

*F.Supp.2d 423 (SDNY 1998);* Hoover v. HSBC Mort. Corp. (USA)*, 2014 WL 12781322, *2 (NDNY 2014).*

Plaintiff similarly acknowledges that the court consider the following factors in deciding whether to stay an action: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Van Elzen v. Glob. Strategy Grp., LLC, *2021 WL 185328, at *2 (SDNY 2021), quoting* Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (SDNY 1996)).*

Plaintiff finally acknowledges that the state and federal courts are staying matters brought solely for technical violations *NYLL §191* with increasing frequency after the decision in Grant to await what the Court of Appeals will decide rather than guess whether they would side with the Grant Court or the Vega Court. Indeed, it is undisputed that the state and federal courts have determined with increasing frequency that a stay is prudent as the prejudice to the defendant greatly outweighs any claim of prejudice by the plaintiff due to the fact that the plaintiff's entire standing will be determined by such decision.

More particularly, as noted in Defendants' opening brief, Judge Victor Marrero of the Southern District of New York asked the parties in Urena v. Sonder USA Inc.*, 2024 WL 1333012 (SDNY 3/28/24)*, asked the parties to show cause as to why he should not issue a stay in that matter where a decision of the Court of Appeals on this important issue was imminent. After the matter was fully briefed, Judge Marrero determined that the aforementioned factors weighed heavily in favor of staying the proceedings pending a decision of the Court of Appeals in Grant. There, Judge Marrero found that the plaintiff could not claim that a stay would unduly prejudice

6

him as he admittedly received all of the wages he was entitled to and was merely seeking a statutory penalty. *Id.* at *2; OV Loop Inc. v. Mastercard Inc., 2023 WL 7905690, at *7 (SDNY 2023); Rovi Guides Inc. v. Comcast Corp., 2017 WL 4876305, at *5 (SDNY 2017).

The Urena Court stated that the interest of the defendants, the courts, persons not parties to the litigation and the public at large weighed heavily in favor of granting a stay to permit the Court of Appeals to resolve the split in the departments rather than the federal courts attempting to guess what the Court of Appeals will do particularly where such a ruling would be binding upon the court and conclusively determine a key issue before the court. Id. at *2; Wisconsin v. Mitchell, 508 US 476, 483 (1993) ("**There is no doubt that [federal courts] are bound by a state court's construction of a state statute.**"); In re Gen. Motors LLC Ignition Switch Litig., 339 F. Supp. 3d 262, 275 (SDNY 2018). The court further found that both the plaintiff and the defendant would be prejudiced by expending additional time and resources litigating a claim that may be rendered moot by the Court of Appeals Decision in Grant, thus, warranting stay not only to preserve judicial resources but to also preserve the resources of the parties. Id. at *2; Leslie, supra at *2 (**Issuance of a stay is proper as it "would be an inefficient use of time and resources of the Court and the parties to proceed in light of a pending [higher court] decision that will significantly impact this litigation"**); Hoover, supra at *2; see also Royal Park Invs. SA/NV v. U.S. Bank Nat'l Assn., 2018 WL 3830921, at *2 (SDNY 2018) (**acknowledging the public interest in "avoiding extra [judicial] cost"**).

Even before the Grant Decision was handed down Southern District Judge Ronnie Abrams granted a stay pending decision a Decision in Grant. See Sethy v. Victoria's Secret Stores, 23 Civ. 3452, 2023 U.S. Dist. LEXIS 124756 (SDNY 2023), attached hereto as Exhibit "K". More recently, on June 20, 2024, Judge Lisa S. Headley of the New York State Supreme

Court in *Dyshawn Colvin v. New You Bariatric Group LLC*, NY Sup. Ct. Index No. 154686/2023, stayed a similar matter pending before her where the entire case was premised upon *NYLL §191* pending a decision of the Court of Appeals in *Grant* as said decision would have "a direct effect on the court's decision" in the matter. *Dyshawn Colvin v. New You Bariatric Group LLC*, NY Sup. Ct. Index No. 154686/2023, Decision and Order (6/20/2024), attached hereto as Exhibit "L").

In response to Defendants request in the case at bar that these proceedings be stayed as Defendants will be unduly prejudiced should a stay be denied, Plaintiff merely asserts on page 22 of his Memorandum in Opposition that he will supposedly be prejudiced if a stay is imposed without stating how, precisely, he will be prejudiced at all. Indeed, to the contrary, it is clear that both the Plaintiff and the Defendants would be prejudiced if a stay is not imposed as the parties will be forced to continue to incur additional expense in this matter unnecessarily where a decision of the Court of Appeals resolving the split between the departments is imminent. As wisely noted by Judge Marrero in *Urena*, the Plaintiff can claim no prejudice as he has admittedly received every penny to which he is entitled and is merely seeking statutory damages in the case at bar to which he may very well not be entitled as a result of the decision of the Court of Appeals in *Grant*. Furthermore, Plaintiff cannot deny that judicial resources would be unnecessary expended should this matter proceed and thereafter be mooted by the Court of Appeals Decision in *Grant*. As precedent dictates that this Court should use its inherent power to issue a stay where a final ruling of another court that directly affects the matter is imminent, it is respectfully submitted that all factors weigh heavily in favor of issuing a stay should this Court not grant dismissal.

**CONCLUSION**

Defendants respectfully submit that Plaintiff's allegations are an attempt to seek money from his former employer for his termination upon which Plaintiff would not have otherwise been successful in litigating. Plaintiff was employed for merely a month and is now seeking compensation under a class action lawsuit as an attempt to cover up what would have been an unsuccessful individual litigation. Plaintiff's claims fail because (1) Plaintiff has failed to allege an injury in fact in which Article III standing can be granted; (2) Plaintiff does not have a private right of action to sue; and (3) Plaintiff is forbidden from recovering liquidated damages in a class action. Thus, Plaintiff's Complaint must be dismissed. Should this Court not grant dismissal, this Court should exercise its inherent power to control its docket by staying this proceeding pending a decision of the Court of Appeals in *Grant*.

Dated: Uniondale, New York
       June 24, 2024

                        SAHN WARD BRAFF KOBLENZ
                        COSCHIGNANO PLLC
                        *Attorneys for Defendants*

                        By: _____
                              DANIELÉ D. DE VOE