UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON PRY,<br><br>         Plaintiff,<br><br>    v.<br><br>AUTO-CHLOR SYSTEM, LLC and AUTO-CHLOR SYSTEM OF NEW YORK CITY, Inc.<br><br>         Defendant. | 23 Civ. 4541 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

  On May 31, 2023, Plaintiff Aaron Pry filed this putative class lawsuit, alleging that Defendant Auto-Chlor System, LLC violated New York Labor Law ("NYLL") §§ 191 and 198 by paying him and his proposed class of manual workers biweekly instead of weekly, as required by the statute. *See* Compl., ECF No. 1. Plaintiff filed an amended complaint on July 5, 2023 and named Auto-Chlor System of New York City, Inc. as an additional Defendant. *See* Am. Compl., ECF No. 11. The Amended Complaint is the operative pleading of this case.

  After Plaintiff filed this case, the New York State Supreme Court, Appellate Division, Second Department issued its decision in *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (N.Y. App. Div. 2d Dep't 2024), which created a conflict within the Appellate Division on a dispositive question of law now before the Court: whether NYLL § 198 provides a private right of action for an employee seeking liquidated damages for timely pay violations of NYLL § 191. *Compare Grant*, 223 A.D.3d 712, 719 (holding that there is no private right of action), *with Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 1st Dep't 2019) (holding that there is a private right of action).

  On February 15, 2024, the plaintiff in *Grant* filed a motion with the Second Department for leave to appeal to the New York Court of Appeals, pursuant to New York Civil Practice Law

1

and Rules ("CPLR") § 5602 and 22 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 1250.16(d). *See* App. Div. Dkt. No. 2021-03202, NYSECF No. 24, at 2.  Notably, the *Grant* defendant did not oppose the request for leave to appeal.  *See id.*, NYSECF No. 25, at 12.  The motion was fully submitted on March 16, 2024, and is pending before the Second Department.  *See id.*, NYSECF No. 26.

On March 9, 2024, the Defendants in this case filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).[1]  *See* Mot. to Dismiss, ECF No. 55; Defs.' Mem. of L. in Supp. of Mot. to Dismiss ("Defs.' Br."), ECF No. 56.  As relevant here, Defendants proposed in the alternative that the Court stay this matter until the New York Court of Appeals decides *Grant*, 223 A.D.3d 712.  *See* Defs.' Br. 21.  The parties have briefed this issue.  *See* Pl.'s Mem. of L. in Opp'n. to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") 22, ECF No. 59; Defs.' Reply Mem. of L. in Further Supp. of Defs.' Mot. to Dismiss ("Defs.' Reply") 5-8, ECF No. 63.

The Court has reviewed the parties' briefing and, while making no holding on the motion to dismiss at this time, it concludes that a stay is warranted.  For the reasons discussed below, it is hereby **ORDERED** that Defendants' request for a stay is **GRANTED**.

"This Court has authority to stay proceedings pending disposition of another case that could affect the outcome."  *Urena v. Sonder USA Inc.*, No. 22 Civ. 7736, 2024 WL 1333012, at *1 (S.D.N.Y. Mar. 28, 2024); *see also Leslie v. Thompson Reuters Corp.*, No. 22 Civ. 7936, 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023) ("A decision to stay proceedings is one that rests firmly within a district court's discretion.").  The Court's discretionary authority "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Louis Vuitton*

---

[1] In all quotations from cases, citations, footnotes, brackets, ellipses, and emphases are omitted unless otherwise indicated.  All references to Rules are to the Federal Rules of Civil Procedure.

*Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Courts in the Second Circuit consider the following factors for a stay request: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020).

All five factors favor a stay in this case. First, the Court finds that a temporary stay would not unduly prejudice Plaintiff. Plaintiff makes a conclusory statement that "[t]his continued delay would substantially prejudice Plaintiff," and cites generally to "plaintiff's right to proceed with its case," without specifically identifying any concrete interest or harm that would result if the proceeding were delayed. Pl.'s Opp'n 22. While Plaintiff has a legitimate interest in the timely proceeding of this case, a stay would not unduly prejudice Plaintiff, who has already been paid all wages and is now only seeking liquidated damages. *See generally* Am. Compl.; *Urena*, 2024 WL 1333012, at *2 (finding that "a stay would not unduly prejudice [plaintiff], since [plaintiff] seeks only monetary damages in the form of penalties and does not dispute that he was already paid all of his outstanding wages"); *OV Loop, Inc. v. Mastercard Inc.*, No. 23 Civ. 1773, 2023 WL 7905690, at *7 (S.D.N.Y. Nov. 16, 2023) (issuing temporary stay and finding no undue prejudice, in part, because a "stay would not diminish any potential monetary damages that [plaintiff] might recover"); *Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278, 2017 WL 4876305, at *5 (S.D.N.Y. Oct. 27, 2017) (same).

Second, the Court finds that the interests of Defendants, the courts, persons not parties to the civil litigation, and the public weigh in favor of granting a stay. *Grant* created a conflict

3

within the New York Appellate Division on a significant issue of state law, which provides substantial grounds for leave to appeal to the New York Court of Appeals. *See* 22 NYCRR § 500.22(b)(4) (listing questions meriting review by the New York Court of Appeals such as issues "novel or of public importance," or "involv[ing] a conflict among the departments of the Appellate Division"). If the New York Court of Appeals issues a ruling in *Grant*, the decision would control the outcome of this case. Both parties would be prejudiced by expending time and resources litigating a question that may be definitively resolved by the New York Court of Appeals in the near future. Under these circumstances, staying the case would also preserve judicial resources, which serves the interests of the courts and the public. *See Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("[W]here it is efficient for a trial court's docket and the fairest course for the parties, a stay is proper."); *Jugmohan v. Zola*, No. 98 Civ. 1509, 2000 WL 222186, at *5 (S.D.N.Y. Feb. 25, 2000) (holding that "[p]ostponing the final disposition of a case pending an upcoming decision by the United States Supreme Court is a practice exercised by the Second Circuit in the interest of judicial economy").

Last, the Court notes that two other courts in this District have stayed similar cases involving the same question of state law. *See Urena*, 2024 WL 1333012, at *3 (staying case over objection, pending the Second Department's decision on the *Grant* plaintiff's motion for leave to appeal); *see* Order, *Sethy v. Victoria's Secret Stores, LLC*, No. 23 Civ. 3452 (S.D.N.Y. June 4, 2024), ECF No. 33 (staying case for 90 days to determine the status of the *Grant* appeal, with both parties' consent).

*   *   *

For the reasons discussed above, further proceedings in this action are hereby stayed pending the New York Court of Appeals' potential review of the decision in *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (N.Y. App. Div. 2d Dep't 2024). The parties shall

submit a joint status letter to the Court no later than **two weeks** after the Second Department's ruling on the pending motion for leave to appeal. The letter shall propose next steps, if any, in this litigation.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 55.

SO ORDERED.

Dated: August 7, 2024
       New York, New York

                                              DALE E. HO
                                  United States District Judge